# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3834 | **DATE** | June 17, 2011 |
| **CASE TITLE** | Robert Allen (#N-03705) vs. Wexford Health Sources, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $16.90 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The plaintiff's motions for appointment of counsel (Doc [4]) and for court-ordered access to the law library (Doc [5]) are denied. The plaintiff may proceed against defendants Ghosh, Halloran, Downs, and Wexford Health Sources on his Eighth Amendment medical claims. The complaint is dismissed on initial review as to all other claims and defendants pursuant to 28 U.S.C. § 1915A. The clerk is directed to: (1) send copies of this order to the trust fund officer and warden of the Stateville Correctional Center; (2) issue summonses for service on defendants Ghosh, Halloran, Downs, and Wexford Health Sources by the U.S. Marshal; and (3) mail the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The complaint is dismissed on initial review as to all other defendants pursuant to 28 U.S.C. § 1915A.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and serious medical needs. More specifically, the plaintiff alleges that he stumbled and fell twice when exiting from prison vans by stepping onto a milk crate that had been used as a makeshift step stool; he additionally maintains that he received inadequate medical care for his injuries.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $16.90. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action against defendants in connection with the alleged denial of medical care. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653. Nevertheless, the plaintiff's allegations of deliberate indifference to his pain and other ailments state an arguable claim against defendants Halloran, Downs, Ghosh, and Wexford Health Sources.

However, the other named defendants cannot be held responsible for the allegedly inadequate medical care. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 does not create collective or vicarious responsibility. *Id.* To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The court recognizes that a supervisory official may learn of a constitutional violation by way of a grievance, and may become personally involved by ignoring such grievances. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010); *see also Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). But in the case at bar, the plaintiff was being seen by health care professionals during the time period in question. The plaintiff therefore has no cause of action against administrative and grievance officials, who reasonably relied on the medical experts who were treating him, albeit not to his satisfaction. Correctional officials are shielded from liability where, as here, a plaintiff is receiving ongoing care from health care professionals. *See, e.g., Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (fact that plaintiff's medical needs were being addressed by the medical staff insulated the warden from liability); *contrast Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act where
**(CONTINUED)**

officials allegedly denied an inmate life-sustaining medication and food). "The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The plaintiff may proceed only against medical care providers themselves (and Officer Downs, who allegedly denied the plaintiff access to the health care unit).

In addition, while it is most unfortunate that the plaintiff tripped and fell while using the milk crate as a step stool, the matter does not implicate the Constitution.

The Constitution "imposes upon prison officials the duty to take reasonable measures to guarantee the safety of the inmates." *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010), *(citing Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To establish a Fourteenth Amendment claim that correctional officials acted with deliberate indifference to his safety, a plaintiff must show that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Santiago*, 599 F.3d at 756; *Farmer*, 511 U.S. at 834. In the case at bar, the plaintiff cannot satisfy either prong.

To satisfy the objective prong, a plaintiff must demonstrate not only that he or she experienced, or was exposed to, a serious harm, but also that there was a known substantial risk that serious harm might actually occur. *Santiago*, 599 F.3d at 758 (*citing Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005)). The general definition of "substantial risk" includes "risks so great that they are almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911 (citations omitted).

The courts have found minor, potential hazards such as the one presented here to be not sufficiently serious to rise to the level of a constitutional violation. *See, e.g., Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (no federal claim where inmate was struck by baseball that had bounced off a "protrusive lip" on the softball field) ("An "objectively 'sufficiently serious' " risk . . . is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency"); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995) (dismissal of certain claims, including the lack of handrails in the shower, upheld on review); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (*quoting* Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir.1995) (even shocks from exposed wiring were an easily avoided, "unpleasant inconvenience" rather than a substantial risk).

Nor will the plaintiff be able to establish deliberate indifference. The complaint specifically states that the prison ultimately purchased step stools for its transport vans, reflecting a good-faith response to inmate injuries from the milk crate system. Moreover, even if the writ officers failed to follow proper protocol and assist the plaintiff out of the van, his claims sound, at most, in negligence. But neither negligence nor gross negligence
**(CONTINUED)**

implicates the Constitution. *See, e.g., Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (citations omitted). Any potential cause of action arising from the plaintiff's fall(s) lies only in state court.

The clerk shall issue summonses for service on defendants Wexford Health Sources, Inc., Halloran, Downs, and Ghosh. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections and/or Wexford Health Services shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(1) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

The plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*citing Johnson*, 433 F.3d at 1006). When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal

| STATEMENT (continued) |
|---|

issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, who is no stranger to federal litigation and whose initial submissions are coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

Finally, the plaintiff's motion for court-ordered access to the law library is denied. Due to penological concerns of security and orderly administration, the court will defer to the judgment of prison officials with respect to scheduling inmates' use of the law library. Nevertheless, the court certifies that the above-captioned case is pending in federal court. The court accordingly requests that correctional officials grant the plaintiff reasonable access to the law library, in a manner to be determined by prison administrators. A copy of this order will be mailed to Stateville's warden.