UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT ALLEN,                          )
                                       )
                    Plaintiff,         )
                                       )
          vs.                          )          11 C 3834
                                       )
WEXFORD HEALTH SOURCES,                )
INC., et al.,                          )
                                       )
                    Defendants.        )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motions of Defendants Charles Downs
("Downs"), Dr. Parthasarathi Ghosh ("Dr. Ghosh"), Kevin Halloran ("Halloran"), and
Wexford Health Sources, Inc. ("Wexford") (collectively, "Defendants") to dismiss
Plaintiff Robert Allen's ("Allen") complaint pursuant to Federal Rule of Civil
Procedure 12(b)(6). For the reasons stated below, the Court grants the motion to
dismiss of Defendants Dr. Ghosh, Halloran, and Wexford, and denies the motion to
dismiss of Defendant Downs.

## BACKGROUND[1]

Allen, at all relevant times, was incarcerated at Stateville Correctional Center
("Stateville") in Joliet, Illinois. In August 2010, prison officials allowed prisoners to

---

[1] For purposes of the motions to dismiss, we accept the allegations of the complaint as true. *Warth v. Seldin*,
422 U.S. 490, 501 (1975).

step on milk crates when entering and exiting vans that transported the prisoners. On August 9, 2010, Allen fell when he exited a van by stepping on a milk crate that tipped over. At the time of the fall, Allen was restrained by leg shackles, handcuffs, and a waist chain. Allen injured his back, neck, legs, and ankles. Thereafter, Allen was taken to the health care unit where he was treated and given a pair of crutches. Allen alleges that he continued to experience pain and received the "bare minimum" medical care. From the date of his injury, August 9, 2010, until October 15, 2010, Allen was treated by medical professionals on six separate occasions. During that time, Allen received crutches, prescription pain medication, x-rays, and permits for a low bunk and "lay-in" privileges. Aside from an MRI Allen received on January 6, 2011, the complaint and attached documents do not reveal the extent of any care received after October 15, 2010.

Between August 10, 2010, and August 27, 2010, Allen filed six grievances criticizing the use of the milk crate to assist prisoners entering and exiting the van, complaining of pain, requesting damages for his pain, and alleging that correctional officer Downs denied him access to medical care. Regarding Downs, Allen alleges that, on three separate occasions, he was in pain and asked Downs to contact medical personnel, but Downs refused. Allen memorialized his complaint against Downs in a grievance dated August 19, 2010. The grievance counselor's written response stated

- 2 -

that Downs notified the health care unit of Allen's medical concerns and that Allen had an appointment the following week.

Between September 22, 2010, and December 14, 2010, Allen wrote four letters to Halloran, the Chief Executive Officer of Wexford, requesting stronger pain medicine and approval for an MRI on his back and legs. In the meantime, on October 15, 2010, Dr. Ghosh treated Allen and requested approval for an MRI through Wexford. Between November 10, 2010, and December 27, 2010, Allen wrote four letters to Dr. Ghosh asking about the status of his MRI, complaining of pain, and requesting stronger pain medication. Neither Halloran nor Dr. Ghosh ever responded directly to Allen.

Allen complains that Wexford took three months to approve Dr. Ghosh's MRI request, so that Allen did not receive an MRI until January 6, 2011. Further, Allen complains that he received an MRI only on his back and not his legs.

On June 17, 2011, Allen filed a complaint against the Defendants, alleging claims for inadequate medical treatment under 42 U.S.C. § 1983. Defendants now move to dismiss the complaint.

## LEGAL STANDARD

The court liberally construes *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8

does not require detailed factual allegations, but requires more than a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570. In ruling on a motion to dismiss, a court accepts the well-pleaded allegations in the complaint as true, construes the allegations of the complaint in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). In addition to the complaint, the court considers documents attached to the complaint. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010).

## DISCUSSION

Deliberate indifference to a prisoner's serious medical needs, whether by a prison doctor or a prison guard, is prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A claim for deliberate indifference contains both an objective and a subjective component. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). To satisfy the objective component, the plaintiff must demonstrate that he or she suffers from an objectively serious medical condition. *Id.* An objectively serious

- 4 -

medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The condition need not be life threatening and is sufficiently serious if the failure to treat the condition would result in further significant injury or an unnecessary and wanton infliction of pain. *Id.*

To satisfy the subjective component, the plaintiff must demonstrate that the prison official disregarded a known, substantial risk of harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). "[A] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances." *Roe*, 631 F.3d at 857 (citation omitted). Significantly, negligence, gross negligence, and even medical malpractice do not constitute deliberate indifference. *Id*. at 857-58.

## I.   Defendants Dr. Ghosh, Halloran, and Wexford

Dr. Ghosh, Halloran, and Wexford do not dispute the objective seriousness of Allen's medical condition, but instead argue that Allen only complains of issues relating to medical judgment which are not cognizable under the Eighth Amendment.

Medical decisions which are classic examples of matters for medical judgment are beyond the Eighth Amendment's purview. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Such medical decisions include whether to order an x-ray or additional

diagnostic techniques and whether one course of treatment is preferable to another. *Estelle*, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); *Snipes*, 95 F.3d at 592 ("a mere disagreement with the course . . . of treatment does not constitute an Eighth Amendment claim of deliberate indifference").  Moreover, "[a] prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition."  *Snipes*, 95 F.3d at 592.

Allen alleges that Dr. Ghosh, Halloran, and Wexford denied him adequate medical care by delaying the MRI on his back, declining to give Allen an MRI on his neck, legs, and ankles, and failing to respond to Allen's requests for stronger pain medication.  From the date of his injury, August 9, 2010, until October 15, 2010, Allen was treated by medical professionals on six separate occasions.  During that time, Allen received crutches, prescription pain medication, x-rays, and permits for a low bunk and "lay-in" privileges.

Allen's claim for deliberate indifference against Dr. Ghosh, Halloran, and Wexford fails for the following reasons.  First, Dr. Ghosh's decision not to order additional MRIs was a classic matter of medical judgment outside the reach of the

Eighth Amendment. *See, e.g. Estelle*, 429 U.S. at 107 (finding no constitutional claim where defendants diagnosed injury as a lower back strain without ordering x-rays or certain other tests). Further, even though Dr. Ghosh had no obligation to order an MRI, on October 15, 2010, he nevertheless requested approval of an MRI from Wexford and, on January 6, 2011, Allen received an MRI on his back. Allen has no constitutional claim for the delay in receiving the back MRI because he fails to allege that the delay caused his condition to worsen or unnecessarily prolonged his pain. *See Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009); *see also Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996) (explaining that a prisoner complaining of a delay in medical treatment must produce verifying medical evidence to establish that the delay had a detrimental effect on his or her health). In other words, Allen fails to allege that he suffered any harm resulting from the delay.

Finally, Allen's complaints regarding the strength of his pain medication constitute a mere disagreement concerning the appropriate dosage and such a complaint preferring one course of treatment over another is beyond the Eighth Amendment's purview. *See Snipes*, 95 F.3d at 591. Moreover, where a prisoner has received some treatment, the prisoner must show that the treatment received was blatantly inappropriate, evidencing intentional mistreatment likely to seriously aggravate the medical condition. *Roe*, 631 at 857-58; *Snipes*, 95 F.3d at 591. Allen's complaint falls

outside of the Eighth Amendment, because he fails to allege facts demonstrating that the failure to increase his pain medication was blatantly inappropriate, that any medical professional intentionally withheld a proper dosage of pain medication, or that the failure to prescribe stronger medication aggravated his condition. *See, e.g., Snipes*, 95 F.3d at 592 (finding that the failure to administer an anesthethic for pain did not aggravate the prisoner's condition). Although Allen believed a higher dosage of pain medication would better treat his pain, Allen is not entitled to demand specific care or the best care possible. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Accordingly, Allen fails to state a claim for deliberate indifference against Dr. Ghosh, Halloran, or Wexford.

## II.     Defendant Downs

Allen claims that correctional officer Downs denied him access to medical care. Specifically, Allen alleges that he was in pain and, on three separate occasions, he asked Downs to contact medical personnel and that Downs refused. On August 19, 2010, Allen filed a grievance complaining about Downs' refusal to contact the medical staff. The grievance counselor's written response, dated the same day as Allen's grievance, stated that Downs notified the health care unit of Allen's medical concerns and that Allen had an appointment the following week.

Downs does not argue that his refusal to seek medical care on Allen's behalf is, as a matter of law, insufficient to establish deliberate indifference to Allen's serious medical needs. Rather, Downs argues that the grievance counselor's response in the August 19, 2010 grievance report attached to the complaint contradicts Allen's allegations and demonstrates that Downs contacted the health care unit on Allen's behalf. Downs cites *Thompson v. Illinois Department of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002), to support the proposition that an attached exhibit trumps inconsistent allegations in the complaint. Such a rule, for example, prevents a plaintiff from invoking the Statute of Frauds if the plaintiff attached a written contract to the complaint. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 455 (7th Cir. 1998). In *Thompson*, the court credited the truthfulness of an exhibit not contradicted by the allegations in the complaint. 300 F.3d at 754-55. Unlike in *Thompson*, here, Allen's allegations conflict with the attached exhibit. Where the exhibit conflicts with the complaint, the Court does not accept the truth of statements in the exhibit if the statements are unilateral assertions made by a third party, the plaintiff attached the exhibit for reasons unrelated to the truthfulness of the statements therein, the exhibit is not the subject of plaintiff's claim, and the exhibit does not establish the truth of the unilateral assertions. *See, e.g., N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 455-57 (refusing to accept the truth of unilateral and self-serving

assertions made in letters attached as exhibits to the complaint). Here, the grievance counselor's response contains unilateral assertions disputed by Allen, Allen attached the exhibit to document the date and substance of his grievance and not the accuracy of the counselor's response, and the counselor's response is not the subject of Allen's claim. Accordingly, the Court does not accept as true the unilateral assertions made by the grievance counselor. The Court thus denies Downs' motion to dismiss.

### CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss of Defendants Dr. Ghosh, Halloran, and Wexford, and denies the motion to dismiss of Defendant Downs.

_____
Charles P. Kocoras
United States District Judge

Dated:  November 16, 2011