Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3834 | **DATE** | 5/13/2013 |
| **CASE TITLE** | Allen vs. Wexford Health Sources Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, the defendant's motion to dismiss portions of the second amended complaint [85] is granted. The plaintiff's claims against the unnamed prison guard defendants are dismissed without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Robert Allen, an inmate at Stateville Correctional Center in Joliet, Illinois, brings a § 1983 claim arising from an incident in which he was injured. Allen claims that the defendants violated his constitutional rights by acting with deliberate indifference to his safety and serious medical needs.

Allen alleges that on August 9, 2010, he was shackled and transported in a van by unknown prison guards.[1] After arriving at their destination, the prison guards ordered Allen to step out of the van onto a plastic milk crate that was being used as a stepping stool. Allen fell off of the milk crate and sustained serious injuries. Several days later, Allen told defendant Officer Charles Downs that he needed medical treatment for his injuries, but Downs refused to allow Allen to obtain treatment. Allen alleges that the unknown prison guards who ordered him to step onto the milk crate demonstrated deliberate indifference to his substantial risk of serious harm, and that Downs demonstrated deliberate indifference to his serious medical needs, both in violation of the constitution.

Upon initial review of Allen's initial *pro se* complaint, Judge Charles Kocoras, to whom this case was previously assigned, dismissed Allen's claims against the unnamed guards who ordered him to step onto the milk crate, ruling that Allen failed to establish that the milk crate posed a substantial risk of serious harm or that the guards acted with deliberate indifference to his safety. Dkt. 6 at 3. On July 31, 2012, the Court appointed counsel to represent Allen, and on January 31, 2013, he filed a second amended complaint re-alleging claims against Downs and the unnamed prison guards. Downs moves again to dismiss Allen's claims against the unnamed guards who ordered him to step onto the milk crate.

---

[1] For simplicity, the Court assumes that Allen was transported by multiple prison guards, although Allen's complaint states only that there were "one or more prison guards."

The law of the case doctrine applies to Allen's second amended complaint because it includes a claim against the unnamed prison guards that is virtually identical to the claim previously dismissed by Judge Kocoras. Pursuant to the law of the case doctrine, a court should not "re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). Allen notes two differences between his initial claim against the unknown prison guards and the restated claim in his second amended complaint. First, he notes that his original complaint was filed *pro se*, and that he is now represented by counsel. But Allen's changed status does not alter the substance of his claim or Judge Kocoras's previous dismissal of it. Second, Allen argues that he removed an allegation contained in his initial complaint—that the prison ultimately purchased step stools for its transportation vans—which saves his amended claim. Though Judge Kocoras relied on the defendants' eventual decision to purchase step stools as evidence that they were not deliberately indifferent to prisoner safety, he also dismissed the claim on several other grounds not related to the step stools. Namely, Judge Kocoras found that the hazard Allen faced was only minor and that his claims sound, at most, in negligence. Dkt. 6 at 3. Therefore, even omitting Allen's allegation regarding the step stools, his second amended complaint provides no adequate basis to allow the Court to revisit Judge Kocoras's previous ruling and reinstate his claims against the unnamed prison guards.

Further, even if the law of the case doctrine did not require that Allen's claims against the unnamed prison guards be dismissed, those claims would be dismissed on the merits. To establish a Fourteenth Amendment claim that correctional officials acted with deliberate indifference to his safety, Allen must show: "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (internal quotation omitted). Allen fails to establish either requirement.

First, Allen cannot show that the milk crate posed a substantial risk of serious harm. To constitute such a risk, "the allegedly dangerous prison condition must deprive an inmate of the minimal civilized measure of life's necessities." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). Requiring Allen to use a milk crate as a step stool does not meet this standard; at most, it creates only a minor risk that he would fall. *See, e.g., id.* (affirming dismissal where inmate claimed that "protrusive lip" on softball field created substantial risk of serious harm).

Second, Allen fails to show that the defendants acted with deliberate indifference to the risk. In fact, Allen's allegations establish that the defendants were not indifferent to the risks facing a shackled prisoner exiting a prison van. The defendants provided the milk crate as a makeshift step to help prisoners avoid the chance of injury that they would have faced if no step was provided. Perhaps the defendants should have provided Allen with a better step; if so, they may have acted negligently by providing only the milk crate. But negligence does not implicate the Constitution. *Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515, 518 (7th Cir. 2002). Allen's claim that the defendants acted "maliciously" and "demonstrated deliberate indifference towards [his] safety" are not plausible, and therefore are not accepted as true for purposes of the motion to dismiss, because his own allegations establish that the defendants used the milk crate because they *were* concerned about Allen's safety. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Therefore, the motion to dismiss is granted, and Allen's claims against the unnamed prison guards are dismissed without prejudice.

*/s/ John J. Tharp Jr.*

| | |
|---|---|
| Courtroom Deputy Initials: | AIR |